# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 99 C 3801 | Date | April 26, 2000 |
| Case Title | Fireman's Fund Insurance v. El Al Israel Airlines, Ltd. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ ☐ Ruling on _____ set for _____ at _____
    ☐ Hearing
(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
    ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) [X] [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: Expeditors' motion for leave to file cross claim against El Al is granted.

(11) [X] [For further detail see] ☐ order on the reverse of [X] order attached to the original minute order form.]

| | | number of notices | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | Document # |
| | Notices mailed by judge's staff. | date docketed | |
| | Notified counsel by telephone. | 2000 | |
| | Docketing to mail notices. | docketing dpty. initials | 27 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate Judge. | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing dpty. initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIREMAN'S FUND INSURANCE )
a/s/o MOTOROLA, INC., )
 )
       Plaintiff, )
 )
v. ) No. 99 C 3801
 )
EL AL ISRAEL AIRLINES, LTD., ) Judge Wayne R. Andersen
EXPEDITORS INTERNATIONAL, )
C.S. LOGISTICS and CENTRAL )
STATES TRUCKING CO., )
 )
       Defendants. )

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion for leave to file Cross Claim brought by defendant Expeditors International ("Expeditors"). Expeditors seeks indemnification and contribution from defendant El Al Israel Airlines Ltd. ("El Al") for any judgment rendered against it and in favor of the plaintiff, Fireman's Fund Insurance Company ("Fireman's Fund"). El Al argues that because Expeditors has not stated a cause of action against it, the amendment would be futile and opposes the amendment. For the reasons stated below, the Motion for Leave to File Cross Claim is granted.

### BACKGROUND

Expeditors International is a shipper of freight. El Al Israel Airlines Ltd. is an international air carrier. Fireman's Fund is the insurer and assignee of Motorola, Inc., the owner of the goods involved in this case. On or about June 7, 1997, El Al shipped electronic equipment from Tel Aviv, Israel to Chicago, Illinois. El Al was the air carrier of the shipment and

Expeditors was the consignee. Upon its arrival in Chicago, the goods first changed hands among other defendants not involved in the present motion. The goods finally ended up in the care of defendant Expeditors, who delivered the goods to a Motorola facility in Iowa. Upon delivery of the goods, it was discovered that a portion of the shipment was missing.

Fireman's Fund filed suit against all the entities involved in shipping the goods to the United States alleging negligence, bailment, breach of contract and violations of the Warsaw Convention. Expeditors sought leave to file a cross claim against El Al seeking indemnification and contribution in the event it is held liable to Fireman's Fund.

## DISCUSSION

A cross claim is permitted when the basis of the claim against the co-party arises out of the transaction or occurrence that is the subject matter of original action Fed. R. Civ. P. 13 (g). When deciding whether to allow a cross claim to proceed, the court accepts as true all factual allegations in the cross claim and views those allegations in the light most favorable to the cross claimant. Meriwether v. Faulkner, 821 F. 2d 408, 410 (7th Cir. 1987) cert. denied sub nom., Faulkner v. Meriwether, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). A cross claim should be allowed where the cross claim arises from the same set of facts as the underlying action. Donavan v. Robbins, 558 F. Supp. 1268, 1273, (N.D. Ill. 1984). The purpose of the cross claim is to "dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and even handed justice expeditiously and economically." Blair v. Cleveland Twist Drill Co., 197 F.2d 842, 845 (7th Cir. 1952). Using these standards as a guide, we turn to the case before the court.

Expeditors seeks indemnification and contribution El Al for any damages assessed in favor of Fireman's Fund and against Expeditors for the loss of cargo, as well as its attorney's fee incurred defending the action. Ordinarily, a cause of action for implied indemnification is stated when one party can be held vicariously liable for the conduct of another party. <u>Sabena Belgian World Airways v. United Airlines Inc.</u>, 773 F. Supp 1117, 1122 (N.D. Ill.1991). Because this claim arises from the international shipment of goods by air, the matter is governed by the Warsaw Convention. <u>El Al Israel Airlines v. Tseng</u>, 525 U.S. 155, 165 (1999). The Warsaw Convention states that the air carrier is liable if there is any loss of goods, as long as the occurrence which caused the loss took place during the transportation by air of the goods. Warsaw Convention, Art. 18(1) 49 U.S.C.A. § 40105 note. The term "transportation by air" is defined as the period during which the goods are in the custody of the air carrier, whether in an airport or on board an aircraft. <u>Id</u>. at Art. 18 (2).

The Convention further provides that the consignee has a cause of action against the carrier who transported the cargo when the loss took place. Warsaw Convention, Art. 30 (3), 49 U.S.C.A. § 40105 (note). In its cross claim, Expeditors alleges that the cargo loss occurred while the goods were in the care, custody and control of El Al and, therefore it is not liable to plaintiff and seeks indemnity or contribution from El Al, the responsible party.

The Warsaw Convention permits a cause of action by the consignee of the goods (Expeditors) against the carrier (El Al). Article 30(3) states:

> As regards baggage or goods, the passenger or consignor shall
> have a right of action against the first carrier, and the passenger
> or consignee who is entitled to delivery shall have a right of
> action against the last carrier and, further, <u>each may take action
> against the carrier who performed the transportation during which</u>

3

<u>the destruction, loss, damage, or delay took place.</u> These carriers shall be jointly and severally liable to the passenger or to the consignor or consignee. (Emphasis added.)

El Al, citing no pertinent authority, argues that the carriers' joint and several liability to "the passenger or to the consignor or consignee" means that it can be liable to either the consignor (plaintiff's subrogor) or the consignee (Expeditors), but not to both. From this proposition, El Al concludes that if plaintiff already has sued it, the consignee (Expeditors) cannot also sue it for damages resulting from El Al's actions.

We believe that El Al misunderstands Article 30(3). The provision cited above does not prohibit El Al from being liable to Expeditors, the consignee. Article 30(3) specifically allows Expeditors to sue El Al . It provides for suits brought by both consignors and consignees against carrier(s) when the loss occurs while the carrier(s) are transporting the goods. El Al reads the final sentence of Article 30(3) to mean that El Al, the carrier, can be sued by, and held liable to, the consignee (Expeditors), or the consignor (plaintiff), but not to both. But the sentence does not say this. All it says is that multiple carriers who are sued under the Warsaw Convention are jointly and severally liable to whomever brings the suit: passenger, consignor or consignee. El Al's reading of this sentence as a bar to claims against it by plaintiff and Expeditors is a stretch we will not make and El Al has not cited any authority that supports its interpretation.

El Al's assertion that the Supreme Court's opinion in <u>El Al Israel Airlines, Ltd v. Tsui Yuan Tseng</u>, 119 S.Ct 662 (1999), bars this cross claim requires a tortured interpretation of the case. In <u>Tseng</u>, the Supreme Court dealt with a specific question: whether plaintiff could recover for psychological injury when Article 17 of the Convention, which governs carrier liability to passengers, provides liability only for damage sustained "in the event of the death or

4

wounding of a passenger or any other bodily injury suffered by a passenger...." The Court held that plaintiff could not maintain an action for these injuries under state law because the Warsaw Convention sets for the conditions under which carriers can be liable to passengers and preempts other common law remedies. Unlike the plaintiff passenger in Tseng, Expeditors does not seek to expand carrier liability beyond the comprehensive limits set forth in the Convention. It merely seeks to enforce a specific right provided in the Convention–holding the carrier "who performed the transportation during which the destruction, loss or damage, or delay [of the goods] took place" accountable for the loss. Art. 30(3), 49 U.S.C. 40105 note. Because Expeditors has alleged a cause of action that satisfies the conditions for air carrier liability imposed by the Convention, it may utilize the statutory scheme set out in the Convention and maintain a cause of action against El Al for indemnity and contribution.

Whether that cause of action may include attorneys' fees and costs is a much closer question. Expeditors argues that it may recover attorney's fees and costs against El Al because it is El Al's actions that have forced it to incur the expense of having to defend this action. At least one court has held under similar circumstances that the Warsaw Convention does not bar such damages. Victoria Sales Corp., v. Emery Air Freight, 1989 WL 156280, *2 (S.D.N.Y. 1989), reversed on other grounds, 917 F.2d 705 (2d Cir. 1990)(holding that Warsaw Convention did not apply to the case). The court rejected the argument the Convention did not specifically provide for recovery of costs and fees and so they could not be recovered. Id.

We are unclear, however, whether the court's logic in Victoria Sales survives Tseng. The Warsaw Convention states that the carrier is liable for the damages "sustained in the event of destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence

5

which caused the damage so sustained took place during the transportation by air." It does not allow for fees and costs. Article 24 of the Warsaw Convention, as the Supreme Court explained in Tseng, limits recovery against carriers to the conditions and limits of the Convention. However, we need not resolve this issue now. We will allow the cross claim as it stands and reserve ruling on this issue before trial in this case.

## CONCLUSION

For the reasons stated above, Expeditors' motion for leave to file cross claim against El Al is granted.

Wayne R. Andersen
United States District Judge

Dated: April 26, 2000